**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Manuel GUILLEN–RUIZ, aka Angel Narvaez–Grigg; Ernesto Fonseca–Caro, Defendant–Appellant.**

**No. 05–10080.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2006.*

Filed May 9, 2006.

Claire Kiehl Lefkowitz, Esq., Celeste C. Corlett, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Thomas Poore, Tucson, AZ, for Defendant–Appellant.

Before: SILER,** BERZON, and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

BYBEE, Circuit Judges.

### MEMORANDUM ***

Defendant Manuel Guillen–Ruiz appeals his conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. He presents two arguments on appeal: (1) the government presented insufficient evidence of his alienage, an essential element of the crime of illegal reentry; and (2) he received ineffective assistance of counsel in violation of the Sixth Amendment. We affirm the conviction and decline to rule on Guillen–Ruiz's ineffective assistance claim at this time.

First, as Guillen–Ruiz did not renew his motion for judgment of acquittal at the end of trial, plain error review is in order. *See United States v. Delgado,* 357 F.3d 1061, 1068 (9th Cir.2004). A review of the evidence reveals that there was no plain error. To prove alienage, the government presented evidence of Guillen–Ruiz's past admissions of alienage, a prior order of deportation, his previous use of aliases in dealings with immigration officials, and the circumstances surrounding his arrest. This evidence was sufficient to satisfy the government's burden of proof. *See United States v. Galindo–Gallegos,* 244 F.3d 728, 732 (9th Cir.2001).

With regard to his second ground of appeal, "as a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Jeronimo,* 398 F.3d 1149, 1155 (9th Cir.2005) (citation omitted). Although there are two exceptions to this rule, *see United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003), Guillen–Ruiz fails to qualify for either exception. Therefore, we decline to reach this issue on appeal.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Guillen–Ruiz may raise his ineffective assistance claim on collateral review.

AFFIRMED.